## STATE OF CONNECTICUT *v.* TRAVIS HIE
## (8115)

SPALLONE, DALY and LAVERY, Js.

Argued April 17—decision released June 12, 1990

*John S. Pinney,* with whom was *Thomas E. Gaffey,* for the appellant (defendant).

*Paul J. Ferencek,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,*

1

state's attorney, and *John Waddock,* assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals his convictions, after a jury trial, of two counts of violating the Dependency Producing Drug Act, General Statutes § 21a-278 (b). He claims that the trial court should have granted his motion to open the case and for a new trial in order to present additional evidence. We affirm the trial court's judgment.

The defendant was charged with selling cocaine to an undercover officer of the New Haven police department on two occasions, once in August and once in September, 1987. These transactions were observed by two backup officers, who confronted and spoke to the seller after each sale. At trial, the three officers identified the defendant as the seller. The undercover officer described the seller as a Latin male sporting a haircut with a four inch tail and having a metal capped front tooth inscribed with the letter "T." The defendant's defense was that the sales were in fact made by his twin brother, Troy Hie, who has such a capped tooth.

After the defendant rested his case, the court permitted the state to enter evidence in rebuttal that metal cosmetic tooth caps are commonly for sale, and are easily inserted and removed. The defendant sought to present surrebuttal evidence that Troy Hie wears a permanent tooth cap. The court denied the defendant's requests to open and for a new trial. The defendant on appeal challenges the trial court's denials of his motions.

Rulings on whether to open a criminal case to accept further evidence or testimony are within the sound discretion of the trial court and will not be overturned lightly. See *State* v. *Anderson,* 209 Conn. 622, 634, 553 A.2d 589 (1989); *State* v. *Summerville,* 13 Conn. App. 175, 182, 535 A.2d 818 (1988). The moving party must

demonstrate some compelling circumstance and the proffered evidence must be of such importance that its omission puts in doubt the achievement of a just result. *State* v. *Anderson,* supra, 634–35; *State* v. *McKnight,* 191 Conn. 564, 580, 469 A.2d 397 (1983).

Our review of the record indicates that the defendant suffered no such prejudice. That the drug seller had a metal capped tooth was only one detail in the police officers' identification of the defendant. All three officers observed and spoke to the drug seller at each transaction. One officer testified that he had known both the defendant and his twin brother for eight to ten years, "since they were kids." Two officers testified that they had had several previous dealings with the brothers and had no difficulty in distinguishing them. We are confident that the court's refusal to allow the defendant to open his case "did not result in an injustice and was not an abuse of the broad discretion accorded it in this area." *State* v. *Anderson,* supra, 635.

Nor did the court abuse its discretion in denying the defendant's motion for a new trial. The jury could reasonably have concluded from the evidence presented, construed most favorably to sustaining the verdict, that the defendant was guilty beyond a reasonable doubt. See *State* v. *Summerville,* supra, 185.

The judgment is affirmed.

In this opinion the other judges concurred.